# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| SAMANTHA D. RAJAPAKSE | ) |
| | ) Case No. 1:16-cv-97 |
| v. | ) |
| | ) Judge Steger |
| LEXINGTON ASSET MANAGEMENT (TN), | ) |
| LLC, d/b/a Royal Arms Apartments | ) |

## MEMORANDUM OPINION

Before the Court is a Motion to Dismiss filed by Defendant Lexington Asset Management (TN), LLC ("Lexington") [Doc. 34]. Also before the Court is Plaintiff's Motion to Amend her Complaint [Doc. 55]. Defendant Lexington contends this action should be dismissed in its entirety based upon the doctrine of *res judicata* because the conduct which forms the basis of Plaintiff Samantha Rajapakse's action was the subject of two previous state court actions. For the reasons stated herein, the Court agrees with Defendant's position. Consequently, Defendant's Motion to Dismiss [Doc. 34] is **GRANTED**, and Plaintiff's Motion to Amend the Complaint [Doc. 55] is **DENIED**.

## I. FACTS

### A. Procedural History

On April 18, 2016, Plaintiff filed a *pro se* complaint in this Court alleging violations of the Tennessee Uniform Residential Landlord and Tenant Act, Tenn. Code Ann. § 66-28-101 *et. seq.*, deprivation of equal protection and due process afforded by the United States Constitution, and violations of the Fair Housing Act, 41 U.S.C. §§ 3601-3619, based on her rental of an apartment and subsequent eviction from that unit at an apartment complex known as the Royal Arms Apartments in Chattanooga, Tennessee [Doc. 2].

1

In her complaint, Plaintiff asked the Court to intervene in two pending state court proceedings involving her and Royal Arms Apartments, asserting that the state courts had deprived her of due process and equal protection and were "allowing the Royal Arms to harass her during her process of terminating her lease and denying evidence relevant to the case . . . ." [Doc. 2, Complaint at 2, Page ID # 12]. On April 28, 2016, after engaging in the screening process with respect to Plaintiff's complaint pursuant to 28 U.S.C. § 1915, the Court declined Plaintiff's request that the federal court intervene in the pending state court proceedings. Instead, the Court entered an order dismissing all claims except for her claims alleging racial discrimination and retaliatory eviction in violation of the Fair Housing Act, 41 U.S.C. §§ 3601-3619 [Doc. 4].

Defendant filed an answer to the complaint on July 26, 2016, and Plaintiff was served by United States mail the same day [Doc. 24]. Under Fed. R. Civ. P. 15(a)(1) and Fed. R. Civ. P. 6(d), Plaintiff had 21 days plus three days for service, giving her a total of 24 days, in which to amend her complaint as a matter of right. Therefore, if Plaintiff had wanted to amend her complaint as a matter of right, she was required to do so by August 19, 2016. On August 22, 2016, without seeking leave of Court as required by Fed. R. Civ. P. 15(a)(2), Plaintiff filed an amended complaint in this case [Doc. 26]. Because Plaintiff failed to follow the Federal Rules of Civil Procedure when filing her amended complaint [Doc. 26], the amended complaint is not properly before the Court and will not be considered. On October 24, 2016, Plaintiff moved to amend her complaint to seek treble damages [Doc. 55]. This motion to amend her complaint will be addressed herein.

### B. Plaintiff's Current Lawsuit in Federal Court

In the instant case, Plaintiff seeks relief under the Fair Housing Act, 41 U.S.C. §§ 3601-3619, for what she asserts was race discrimination with respect to her treatment as a tenant and

her subsequent eviction from the Royal Arms Apartments. More specifically, Plaintiff claims that she was discriminated against on the basis of her race in the following manner:

- she was harassed by Lexington employees;

- her complaints were ignored regarding needed repairs, pest infestations, odors of dog urine, and excessive noise;

- she was charged excessive fees;

- she was subject to improper collection efforts;

- her credit rating was affected as a result of false statements made by Defendant; and

- she was evicted in retaliation for bringing a state claim against Royal Arms Apartments.

Defendant's motion to dismiss [Doc. 34] focuses on two state court lawsuits which also arose from Plaintiff's rental of, and subsequent eviction from an apartment at the Royal Arms Apartments. Plaintiff's complaint [Doc. 2, Complaint at 2-4] makes specific reference to these two lawsuits brought in General Sessions Court in Hamilton County, Tennessee. The two lawsuits referenced in her complaint are: *Samantha Rajapakse v. Royal Arms Apartments*, Case No. 15GS12697, and *Royal Arms Apartments v. Samantha Rajapakse*. Plaintiff's complaint does not provide a case number for the second lawsuit [*Id.*]. As observed by this Court in a previous order, much of Plaintiff's complaint is focused on the alleged failure of the General Sessions Court to award her injunctive relief and damages [*See* Doc. 4, April 28, 2015 Order at 2, Page ID # 25].

### C. Previous State Court Lawsuits

#### 1. The State Court Litigation

The first state lawsuit was filed by Plaintiff in the General Sessions Court for Hamilton County, Tennessee, on December 21, 2015, in *Samantha D. Rajapakse v. Royal Arms*

3

*Apartments and Lexington Asset Management,* No. 15 GS 12697 (the "State Court Litigation").

In her complaint filed in the State Court Litigation, Plaintiff alleged the following:

- Plaintiff and Royal Arms Apartments signed an agreement to rent Unit 107 to Plaintiff [Doc. 35-1, Ex. A, State Court Complaint, at 2, Page ID #168-77[1]];

- Defendant refused to enforce building codes, which resulted in unsanitary conditions [*Id.*];

- Defendant violated the Uniform Residential Landlord and Tenant Act, Tenn. Code Ann. § 66-28-101 *et seq.* [*Id.*];

- Defendant created a hostile living environment [*Id.*];

- Defendant created an unhealthy environment forcing Plaintiff to terminate her lease [*Id.*];

- Defendant constructively evicted Plaintiff [*Id.* at 3];

- Defendant placed derogatory remarks on Plaintiff's credit reports [*Id.*];

- Defendants' eviction proceedings were illegal [*Id.*];

- Defendant provided false information to the courts [*Id.*];

- Defendant failed to provide proper notice regarding the eviction proceedings [*Id.*];

- Plaintiff was denied the ability to view the property [*Id.* at 4];

- Plaintiff was improperly charged an additional security deposit [*Id.* at 3-4];

- Plaintiff was forced to pay additional fees [*Id.* at 4];

- Plaintiff was told that being late on rent would not be a problem [*Id.*];

- Plaintiff was harassed when her rental payments were not made on time [*Id.*];

- Defendant sent Plaintiff threatening e-mails regarding non-payment of rent [*Id.*];

- Defendant failed to take any action regarding loud noises made by the upstairs tenant despite repeated complaints from Plaintiff [*Id.* at 5];

---

[1] All references to Page ID #s are to this Court's internal, electronic page numbering system. The sequential page numbers are found on the bottom of every page of every document filed electronically in this Court Record.

- The noise made by the tenant renting the upstairs apartment caused Plaintiff to be unable to enjoy the use of her apartment [*Id.*];

- There were animals in the walls of Plaintiff's apartment [*Id.* at 6];

- Defendants refused to respond to calls regarding the rodent/animal activity [*Id.*];

- Plaintiff reported a foul smell coming from the vents in her apartment [*Id.* at 7]; and

- Defendants did not check the unit or investigate the smell [*Id.*].

The relief sought by Plaintiff in the State Court Litigation included requesting an injunction prohibiting Defendant from gaining access to the apartment; requesting termination of the lease for non-compliance; seeking an order to prohibit Defendants from reporting derogatory remarks on her credit report or to other property managers; seeking an order to prohibit further litigation against Plaintiff until the State Court Litigation was heard; and seeking an order requiring Defendants to pay half of her moving expenses and other monetary relief [*Id.* at 8-10].

On February 2, 2016, the General Sessions Court, after conducting a trial, entered a judgment for Defendant [Doc. 35-1, Ex. B, Page ID # 179]. On February 11, 2016, Plaintiff filed a Notice of Appeal to the Circuit Court of Hamilton County, Tennessee [Doc. 35-1, Ex. C, Page ID # 182]. On April 7, 2016, the Circuit Court of Hamilton County, Tennessee dismissed Plaintiff's Complaint [Doc. 35-1, Ex. D, Page ID # 184]. The grounds for dismissal were that "[t]he issues raised in the appeal were all either moot or the Court lacked jurisdiction to consider the issues as those issues were *res judicata* in the General Sessions Court in Hamilton County, Tennessee under Docket 16GS465 . . ." [*Id.*]. Docket No. 16GS465 is the eviction proceeding filed by Defendants after Plaintiff filed the State Court Litigation. The eviction proceeding, docketed as no. 16GS465 will be discussed below.

On June 16, 2016, Plaintiff appealed the dismissal of her State Court Litigation to the Tennessee Court of Appeals [Doc. 35-1, Ex. E, Page ID # 187-88]. On August 19, 2016, Plaintiff filed a "Motion to Dismiss" her appeal [Doc. 35-1, Ex. F, Page ID # 190]. On September 9, 2016, upon consideration of the Plaintiff's motion to dismiss, the Tennessee Court of Appeals dismissed the appeal [Doc. 39-1, Exhibit 1, Page ID # 226].

### 2. The Eviction Proceeding

On January 12, 2016, while Plaintiff's General Sessions Court lawsuit against Defendant (i.e., the State Court Litigation) was pending, Royal Arms Apartments filed an eviction proceeding against Plaintiff in the General Sessions Court for Hamilton County, Tennessee, styled *Royal Arms Apartments v. Samantha Rajapakse*, Docket No. 16GS465 (the "Eviction Proceeding") [Ex. G, Page ID # 193]. The basis for the eviction action was nonpayment of rent [*Id.*]. On February 2, 2016, the General Sessions Court for Hamilton County, Tennessee, conducted a trial and entered a judgment against Ms. Rajapakse for $1,090.74, costs, taxes, and possession of the rental unit [Doc. 35-1, Ex. I; Page ID # 202]. Plaintiff did not appeal this judgment [Doc. 35-1, Ex. J, Page ID # 205]. General Sessions Judge Gary Starnes was the presiding judge in both the State Court Litigation and the Eviction Proceeding, both of which were tried on February 2, 2016. Most likely the two cases were consolidated for a single trial on February 2, 2016; however, because General Sessions Court is not a court of record, there is no written record confirming such consolidation [*See* Doc. 35-1, Ex. B, Page ID # 179; Ex. I; Page ID # 202]. Consolidated or not, the same judge heard and decided both cases.

## III. DISCUSSION

### A. Motion To Dismiss

Lexington argues this case should be dismissed for failure to state a claim upon which

relief can be granted because Plaintiff's claims are barred by the doctrine of *res judicata*.[2] State law regarding *res judicata* is applied when determining whether a prior state court judgment bars further claims in a federal forum. *United States ex. rel Sheldon v. Kettering Health Network*, 816 F.3d 399, 414 (6th Cir. 2016). "The doctrine of *res judicata*, also referred to as claim preclusion, bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009).[3] The doctrine "promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the costs and vexation of multiple lawsuits." *Boyce v. LPP Mortgage Ltd.*, 435 S.W.3d 758, 764 (Tenn. Ct. App. 2013).

A party asserting *res judicata* as a defense must show: "(1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits." *Creech*, 387 S.W.3d at 491. The defense may be raised in a motion to dismiss for failure to state a claim if the plaintiff's complaint shows on its face that the defense exists. *Id.* at 491-92. Further, courts may take judicial notice of filings in other court proceedings and consider those documents without converting a motion to dismiss to a motion for summary judgment. *Malin v. Morgan Chase, N.A.,* 860 F.Supp.2d 574, 578 (E.D. Tenn. 2012); *Lee v. Dell Products, L.P.*, 236 F.R.D. 358, 361 (M.D. Tenn. 2006). It is clear on the face of Plaintiff's complaint that the issues raised in

---

[2] Literally, "a thing adjudicated," *res judicata* refers to an affirmative defense barring the same parties from litigating a second lawsuit on the same claim. Black's Law Dictionary 1312 (7th ed. 1999).

[3] *See also Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012) ("The doctrine of *res judicata* or claim preclusion bars a second suit between the parties or their privies on the same claim with respect to all issues that were, or could have been, litigated in the former suit.")

7

Plaintiff's federal lawsuit are the same issues already litigated in the two lawsuits filed in the General Sessions Court in Hamilton County, Tennessee. Thus, this matter is properly before the Court on a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(c).

As will be discussed below, the Court finds that Defendant has met each of the four requirements and Plaintiff's lawsuit filed in this Court is barred by the doctrine of *res judicata*.

### 1. The judgments in the State Court Litigation and the Eviction Proceeding were rendered by courts of competent jurisdiction

The judgment in the State Court Litigation was rendered by the General Sessions Court of Hamilton County, Tennessee, which had jurisdiction pursuant to Tenn. Code Ann. § 16-15-501. The Circuit Court of Hamilton County, Tennessee, which dismissed Plaintiff's appeal, had jurisdiction of the appeal from the General Sessions Court pursuant to Tenn. Code Ann. § 16-10-112. An appeal from a General Sessions Court case differs from other types of appellate proceedings in that the circuit court does not review a general sessions court decision; rather, it provides parties an entirely new trial as if no trial had yet been held and as if the case had originated in circuit court. *Ware v. Meharry Medical College*, 898 S.W.2d 181, 184-86 (Tenn. 1995); Tenn. Code Ann. § 16-15-729. In addition, during the appeal to circuit court, the plaintiff may amend the pleadings to add new causes of action. *Id.* Plaintiff Rajapakse could have amended her complaint to add Fair Housing Act claims arising from her rental agreement and the subsequent Eviction Proceeding with Royal Arms Apartments and Defendant Lexington, but she did not do so. Finally, the General Sessions Court of Hamilton County had jurisdiction over the Eviction Proceeding pursuant to Tenn. Code Ann. § 16-15-501. Thus, the judgments at issue were rendered by courts of competent jurisdiction.

### 2. The same parties or their privies were involved in both suits

The same parties or their privies were involved in the previous state actions and this

action. In the State Court Litigation, Plaintiff named Royal Arms Apartments and Lexington Asset Management as Defendants. In the Eviction Proceeding, the named plaintiff was Royal Arms Apartments and the named defendant was Plaintiff, Samantha Rajapakse. In the case pending before this Court, Plaintiff sued Royal Arms Apartments and Lexington Asset Management [Doc. 26, Complaint at 1, Page ID # 11].

### 3. The same cause of action was asserted in all three suits

The two state court lawsuits and the present federal lawsuit all arise from the same series of transactions, namely, Plaintiff's rental of, and subsequent eviction from an apartment at the Royal Arms Apartments. In *Creech v. Addington*, 281 S.W.3d 363 (Tenn. 2009), the Tennessee Supreme Court adopted a transactional approach in defining same "cause of action" when evaluating a *res judicata* defense. *Id.* at 379-81. The Court stated:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim . . . , the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

*Id.* at 379 (quoting the Restatement (Second) of Judgments § 24(1)). The *Creech* Court found that the drafters of the Restatement used the concept of a transaction "in the broad sense," connoting a "natural grouping or common nucleus of operative facts." *Id.* at 380. Under the transactional approach, parties who are given the opportunity to present their "entire controversies" must do so or be barred. *Creech,* 281 S.W.2d at 381. Two suits, therefore, will be deemed to be the same cause of action for purposes of *res judicata* when "they arise out of the same transaction or series of connected transactions." *Id.* The rationale behind this transactional approach to *res judicata* is to promote "the finality of litigation, consistency and stability of judgments, judicial efficiency and the conservation of resources of both the courts and litigants." *Id.* at 380-81.

On the other hand, "[t]he doctrine of *res judicata* 'extends only to facts at issue as they existed at the time the judgment was rendered, and does not prevent a re-examination of the same question between the same parties where in the interval the facts have changed or new facts have occurred which may alter the legal rights or relations of the litigants.'" *Id.* (quoting *Banks v. Banks,* 77 S.W.2d 74, 76 (Tenn. 1934)). Application of the doctrine of *res judicata* "should be applied on a case-by-case basis, with sensitivity to the facts of each proceeding." *Creech*, 281 S.W.2d at 381. *Res judicata* should not be applied to bar a subsequent suit unless the plaintiff "had the opportunity in the first suit to fully and fairly litigate the particular issue giving rise to the second suit." *Id.* at 381-82.

The claims brought in the State Court Litigation are based largely on the same alleged conduct as the claims in this federal court litigation. The Court observes that Defendant Lexington commenced the Eviction Proceeding while the State Court Litigation was pending; however, Plaintiff's complaint in the State Court Litigation refers to eviction proceedings already commenced by Lexington [Doc. 35-1, Ex. A, State Court Complaint, at 2, Page ID # 170]. Moreover, Plaintiff could have amended her complaint in General Sessions Court or in the Circuit Court of Hamilton County to add any claims based on the Eviction Proceeding. Plaintiff also could have amended her complaint in the General Sessions Court or the Circuit Court to add claims brought under the Fair Housing Act alleging race discrimination and retaliatory eviction. *See* 42 U.S.C.A. § 3613(a)(1)(A) ( "An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an allegedly discriminatory housing practice . . . .") Plaintiff had the opportunity to fully and fairly litigate all her current Fair Housing Act claims in the State Court litigation. Further, a Fair Housing Act claim could have been raised as a defense in the Eviction

Proceeding. *See, e.g., Newell v. Rolling Hills Apt.*, 134 F. Supp. 2d. 1026, 1038 (N.D. Iowa 2001) (finding that the "majority of states to consider the question recognize that the landlord's discriminatory conduct . . . is a cognizable defense in a forcible entry and detainer action" and listing cases that have addressed the issue). Because Plaintiff's Fair Housing Act claims arise out of the same transactions as the State Court Litigation and Eviction Proceeding and could have been brought as claims in those cases, they meet the "same cause of action" requirement for *res judicata* purposes.

### 4. The Underlying Judgments are Final and on the Merits

In General Sessions Court, judgments were rendered against Plaintiff in both the State Court Litigation (which she had filed) and the Eviction Proceeding (which Defendant had filed). Plaintiff filed an appeal to Circuit Court with respect to the State Court Litigation. She did not file an appeal of the General Sessions Court Judgment in the Eviction Proceeding. The judgments in both cases became final for different reasons, and will be discussed separately.

#### a) Judgment in the Eviction Proceeding

An Eviction Proceeding was filed by Defendant against Plaintiff in General Sessions Court. A trial was held and a judgment was entered in favor of Defendant and against Plaintiff. Tennessee Code Annotated § 27-5-108 permits either party to appeal a judgment of the General Sessions Court by filing a Notice of Appeal within ten days of entry of the judgment. Plaintiff did not file a Notice of Appeal of the judgment in the Eviction Proceeding. Because the judgment entered in the Eviction Proceeding was not appealed to Circuit Court it became final.

#### b) Judgment in the State Court Litigation

The State Court Litigation was filed by Plaintiff against Defendant in General Sessions Court. A trial was held in General Sessions Court, and again, a judgment was entered in favor of Defendant and against Plaintiff. The Plaintiff filed her Notice of Appeal to the Circuit Court for

a *de novo* review.

After considering the case, the Circuit Court dismissed it under Tenn. R. Civ. P. 12.02(6) citing *res judicata*. The Circuit Court concluded that, because the same facts and legal issues were presented in the Eviction Proceeding and the State Court Litigation, the final judgment in the Eviction Proceeding (which was not appealed by Plaintiff) operated as a bar to litigating those same claims through her appeal to Circuit Court of the General Sessions Court judgment in the State Court Litigation. In finding that *res judicata* barred Plaintiff's appeal to Circuit Court, the order, which was prepared by counsel and entered by the Circuit Court judge, was improperly worded. In the order, the Circuit Court held that it "lacked jurisdiction to consider the issues as those issues were *res judicata* in the General Sessions Court in Hamilton County, Tennessee under Docket 16GS465."

The Circuit Court was correct in its determination that Plaintiff's claims were barred by the doctrine of *res judicata*; however, it was incorrect in stating that the court lacked subject matter jurisdiction. If, indeed, the Circuit Court had lacked subject matter jurisdiction to consider the case, it could not have found that *res judicata* applied to bar the cause of action.[4] The courts derive their subject matter jurisdiction from the Constitution of Tennessee or from legislative act. *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977). "*Res judicata* is a claim preclusion doctrine that bars a second suit between the same parties or their privies with regard to issues that were raised or could have been raised in the earlier proceeding." *In re Estate of White*, 77 S.W.3d

---

[4] The only exception to this maxim would be where the court had previously determined it lacked subject matter jurisdiction. Then it could decline to exercise subject matter jurisdiction on the basis of *res judicata*. *See Goeke v. Woods*, 777 S.W.2d 347, 350 (Tenn. 1989) ("A judgment dismissing a suit for lack of jurisdiction does not preclude a party from litigating the same cause of action in a court of competent jurisdiction; it does preclude the relitigation of the issue of whether the first tribunal had jurisdiction.") Such is not the situation in this case.

765, 770 (Tenn. Ct. App. 2001) (citing *Richardson v. Tennessee Bd. of Dentistry,* 913 S.W.2d 446, 459 (Tenn.1995)). The doctrine of *res judicata* is an affirmative defense, and determining whether it applies in a given case is a question of law. *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). It is axiomatic that a court cannot consider a question of law if it lacks subject matter jurisdiction to do so.

I conclude that the Circuit Court did, in fact, exercise subject matter jurisdiction to adjudicate the State Court Litigation. It did so by finding that Plaintiff's causes of action in the State Court Litigation were barred by the doctrine of *res judicata* because those issues had already become final as a result of the judgment in the Eviction Proceeding. When the Circuit Court dismissed the State Court Proceeding it had the option of entering an order, pursuant to Tenn. R. Civ. P. 41.02(3), declaring that its decision was not an adjudication on the merits. The Circuit Court declined to exercise that option. Consequently, the Circuit Court's dismissal of the State Court Litigation on the basis of *res judicata* constituted a judgment on the merits.

At that point, the judgment with respect to the State Court Litigation was still not final. If Plaintiff disagreed with the Circuit Court's judgment, she had the option of filing a Notice of Appeal within 30 days of entry of that judgment to have the Tennessee Court of Appeals review the issues. Plaintiff exercised that option and appealed the State Court Litigation to the Tennessee Court of Appeals. The appellate court had full authority to overturn the decision of the Circuit Court and to order a *de novo* trial with respect to all of the factual and legal issues that Plaintiff raised in General Sessions Court and which she had endeavored to re-litigate in Circuit Court. But, before the Court of Appeals could render a decision in her case, Plaintiff filed a motion dismissing her appeal. Upon dismissal of the appeal, the judgment in the State Court Litigation became final.

The underlying judgments in the Eviction Proceeding and the State Court litigation are final. The issues that Plaintiff seeks to litigate before this Court were commenced in state court. Through a combination of judicial decisions based on the merits and decisions based on procedural deficiencies, judgments were entered in state court on the issues that Plaintiff seeks to re-litigate in federal court. The state court judgments are final. The four requirements for the application of *res judicata* have been met in this case. Therefore, I conclude that Plaintiff's action is barred.

### B. Motion To Amend Complaint

Plaintiff seeks to amend her complaint [Doc. 55] to add a claim for treble damages. Since her underlying claims are barred, amendment to add a claim for treble damages is futile and will be denied. *See Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (holding proposed amendments may be denied for futility) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

## IV. CONCLUSION

Plaintiff's lawsuit is barred by the doctrine of *res judicata,* and Plaintiff's motion to amend her complaint to add a claim for treble damages is futile. Accordingly, Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(c) is **GRANTED** and Plaintiff's Motion To Amend pursuant to Fed. R. Civ. P. 15. is **DENIED**.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE